Citation Nr: 1452669 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 14-33 963 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

N. T. Werner, Counsel



INTRODUCTION

The Veteran had active service from 1948 to 1967. The Veteran died in January 2013 and the appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The appellant claims, in substance, that the Veteran's death due to lung cancer and chronic obstructive pulmonary disease (COPD) was caused, at least in part, by his exposure to asbestos during his almost 20 years of service on older naval vessels while on active duty including when they were at shipyards for repairs.

In this regard, the Veteran's Certificate of Death lists as an immediate cause of his death lung cancer and a secondary cause of his death COPD. Moreover, the Board will concede the Veteran's asbestos exposure given the fact that his DD 214s show that he served in the Navy from 1948 to 1967. See, for e.g., M21-1MR, Part IV, Subpart ii, Chap. 2, Sec. C, Para. 9a-f. Given this history, the Board finds that a remand to obtain a VA opinion as to the relationship, if any, between the Veteran's in-service asbestos exposure and the disabilities that caused his death is required. See 38 U.S.C.A. § 5103A (West 2014). When providing the requested opinion, the examiner must take into account the latency period for asbestos-related diseases which varies from 10 to 45 or more years between first exposure and development of disease as well as the fact that the exposure may have been direct or indirect, and the extent or duration of exposure is not a factor. See M21-1MR, Part IV, Subpart ii, Chap. 1, Sec. H, Para. 29-a. 

Given the existing record which is devoid of any of the Veteran's post-1967 medical records, to include his terminal hospitalization records from Bayside Healthcare and any autopsy report, the Board finds that these records should also be obtained and associated with the claims file while the appeal is in remand status. See 38 U.S.C.A. § 5103A(b) (West 2014).

Lastly, while the appeal is in remand status, the AOJ should obtain a translation of the document received by VA on February 20, 2013. See 38 C.F.R. § 19.9 (2014).

Accordingly, the appeal is REMANDED to the AOJ for the following actions:

1. Notify the appellant that she may submit lay statements from herself and from other individuals who have first-hand knowledge of the observable symptoms, in-service and since service, the Veteran had with any of the disease processes that contributed to his death. The claimant should be provided an appropriate amount of time to submit this lay evidence.

2. After obtaining any needed authorizations from the appellant, physically or electronically associated with the claims file all of the Veteran's post-1967 medical records, to include his terminal hospitalization records from Bayside Healthcare and any autopsy report as well as any record on file with any VA Medical Center in Virginia and with the Social Security Administration in connection with any claim for disability benefits. 

3. Obtain a medical opinion as to the cause of the Veteran's death from a pulmonologist, if possible, or another qualified medical professional if not possible. The claims file should be made available for review in conjunction with the opinion. After a review of the claims file, the medical professional should provide an answer to the following question:

Please opine as to whether it is at least as likely as not that the Veteran's conceded exposure to asbestos while on active duty caused or aggravated the COPD, lung cancer, or any other disease processes that caused or contributed substantially or materially to cause death. 

When providing the requested opinion, the examiner must take into account the latency period for asbestos-related diseases which varies from 10 to 45 or more years between first exposure and development of disease as well as the fact that the exposure may have been direct or indirect, and the extent or duration of exposure is not a factor. 

If the medical professional feels that the requested opinion cannot be rendered without resorting to speculation, the medical professional must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training). 

4. Then readjudicate the appeal. If the benefit sought on appeal is not granted in full, the appellant should be provided a supplemental statement of the case that includes notice of all relevant laws and regulations as well as citation to all evidence added to the claims file. A reasonable period of time should be allowed for response before the appeal is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).